**Affirmed and Memorandum Opinion filed April 2, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-22-00629-CV

---

**CITY OF HOUSTON, Appellant**

**V.**

**PERCY  TAYLOR, Appellee**

---

**On Appeal from the 129th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2021-20343**

---

## MEMORANDUM  OPINION

Appellee Percy Taylor sued appellant the City of Houston following a motor vehicle accident with the City's ambulance.  The City filed a plea to the jurisdiction and motion for summary judgment, asserting immunity based on the emergency exception of the Texas Tort Claims Act.  The trial court denied the motion and plea.  We affirm because there is a genuine issue of material fact about whether the City's employee was responding to an emergency at the time of the accident.

# I.    Standard of Review and Legal Principles

The City cannot be held liable for its employee's acts unless governmental immunity has been waived. *Gomez v. City of Houston*, 587 S.W.3d 891, 896 (Tex. App.—Houston [14th Dist.] 2019, pet. denied) (en banc). Under the Texas Tort Claims Act, immunity may be waived if the City's negligence causes injury arising from the operation or use of a motor-driven vehicle. *See Gillespie v. Galveston Cty. Health Dist.*, 639 S.W.3d 815, 819 (Tex. App.—Houston [14th Dist.] 2021, no pet.) (citing Tex. Civ. Prac & Rem. Code § 101.021(1)). But, there is an exception to the waiver of immunity if the plaintiff's claim arises "from an action of an employee while responding to an emergency call or reacting to an emergency situation," among other requirements. Tex. Civ. Prac. & Rem. Code § 101.055; *see also Gillespie*, 639 S.W.3d at 819. The Act does not define "emergency call" or "emergency situation," but courts have interpreted the terms broadly. *City of Houston v. Sauls*, 654 S.W.3d 772, 786 (Tex. App.—Houston [14th Dist.] 2022, pet. granted); *City of Houston v. Hussein*, No. 01-18-00683-CV, 2020 WL 6788079, at *8 (Tex. App.—Houston [1st Dist.] Nov. 19, 2020, pet. denied) (mem. op.). This court has applied a dictionary definition of an emergency: "a sudden, urgent, usually unexpected occurrence or occasion requiring immediate action." *Sauls*, 654 S.W.3d at 786 (quoting *Emergency*, Webster's Third New Int'l Dictionary 3d ed. 2002).

Governmental immunity defeats a trial court's subject matter jurisdiction. *Gillespie*, 639 S.W.3d at 819. Whether a court has subject matter jurisdiction is a question of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). The issue may be asserted in a plea to the jurisdiction or motion for summary judgment. *See City of Houston v. Manning*,

No. 14-20-0051-CV, 2021 WL 1257295, at *4 (Tex. App.—Houston [14th Dist.] Apr. 6, 2021, pet. denied) (mem. op.).

Courts will consider relevant evidence submitted by the parties to resolve the jurisdictional issue. *Miranda*, 133 S.W.3d at 227. The standard of review generally mirrors that for a summary judgment. *Id.* at 228. The motion or plea should be denied if the plaintiff shows that there is a disputed material fact regarding the jurisdictional issue. *See id.* We take as true all evidence favorable to the plaintiff and indulge every reasonable inference and resolve any doubts in the plaintiff's favor. *Id.*

## II.    Evidence and Analysis

The City's employee who was driving the ambulance at the time of the accident, Fernando Hernandez, testified that he and another employee, Jonathan Wells, were dispatched in response to a 911 call regarding a man in critical condition who was suffering complications following surgery. Upon arrival, the employees determined that the patient appeared to be suffering from sepsis. According to Hernandez, the patient was "extremely critical and needed to be taken to the hospital as soon as possible." The patient was "in danger of death but not imminent death provided he was taken to the hospital quickly." Hernandez testified that they were transporting the patient to a hospital, with lights and sirens activated, when the accident occurred.

However, Taylor points to his testimony and his prior statement to a police officer that he did not see any lights or hear any sirens from the ambulance. He also points to a Houston Fire Department incident report, in which Wells, who was the "in charge caregiver" responsible for treating the patient during transport, described the patient's initial status as "Stable (Green)." The report described the reason for transportation to a hospital as "Patient's Choice," and the patient's

3

condition at the destination was "improved." Hernandez testified that Wells had four options for describing the patient's status: green, yellow, red, or black. Green means stable or "good." Respectively, the other colors would mean emergent, critical, and deceased.

The mere fact that Hernandez was transporting Taylor to a hospital in an ambulance does not automatically render the situation an emergency. *See Hussein*, 2020 WL 6788079, at *10. Even if an emergency exists when an ambulance is dispatched to a patient, the Act's exception may not apply if, at the time of the alleged negligence, the employee was no longer responding to an emergency call or reacting to an emergency situation. *See id.* at *9. In *Hussein*, the First Court of Appeals held that the plaintiff showed several fact issues regarding the application of the emergency exception. *See id.* at *9–10. The City's employee drove an ambulance to the home of a patient based on a call for emergency assistance when the patient was experiencing chest pains. *See id.* at *9. The employee activated the emergency lights and siren. *Id.* There was evidence that the patient was experiencing a life-threatening condition that required them to be transported to a hospital with some urgency. *Id.* However, there was also evidence that the employee did not activate the lights and siren while transporting the patient to the hospital, that the patient's condition was "stable" during the ride, and that the patient requested transportation to a specific hospital that was farther away. *See id.* at *9–10.

Taylor's testimony and statement that he did not see the ambulance's lights or hear its siren is some evidence that the ambulance's lights and siren were not activated while Hernandez transported the patient to a hospital. *See Green v. Alford*, 274 S.W.3d 5, 27–28 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (en banc) (upholding judgment against firefighter; "[A]lthough a witness might fail

to hear a siren for a variety of reasons, such failure nevertheless is some evidence that there was no siren to be heard."). "Here, a reasonable juror could conclude that engaging the ambulance's emergency lights and siren while in route to [the patient]'s home, but not activating those same lights and siren while transporting [the patient] to the hospital, raised a fact issue as to whether [Hernandez] was responding to an emergency call or reacting to an emergency situation at the time of the collision." *Hussein*, 2020 WL 6788079, at *9. Moreover, Wells's description of the patient's condition as "Stable (Green)"—the lowest level of concern—conflicts with Hernandez's testimony that the patient was in critical condition while being transported to the hospital. This evidence would support a conclusion that Hernandez was no longer responding to an emergency while transporting the patient to a hospital.

The City attempts to distinguish *Hussein* because in that case, it was undisputed that the ambulance's lights and siren were not activated during the trip to the hospital. But, the principles for resolving a plea to the jurisdiction or summary judgment on the issue of governmental immunity require courts to resolve any conflicts in the evidence and any doubts in Taylor's favor. *See, e.g.*, *Miranda*, 133 S.W.3d at 228. Thus, we conclude there is sufficient evidence to raise a fact issue regarding whether Hernandez was responding to an emergency call or reacting to an emergency situation at the time of the accident. *See Hussein*, 2020 WL 6788079, at *9–10.

## III. Conclusion

The trial court did not err by denying the City's plea and motion based on the emergency exception. The trial court's order is affirmed.

/s/     Ken Wise
        Justice


Panel consists of Justices Wise, Zimmerer, and Wilson.